Tim H. **SPEARBECK** and Marilyn Spearbeck, Petitioners,

v.

**UNITED STATES** of America and Howard A. Pellett, Internal Revenue Service Agent, Respondents.

Civ. No. C93–619C.

United States District Court,
W.D. Washington,
Seattle Division.

Dec. 13, 1993.

David S. Grossman, LeSourd & Patten, P.S., Seattle, WA, for petitioners.

William H. Rubidge, Asst. U.S. Atty., Tacoma, WA, Deirdre A. Donnelly, U.S. Dept. of Justice, Tax Div., Washington, DC, for respondents.

ORDER DISMISSING PETITION TO QUASH AND GRANTING UNITED STATES' CROSS–MOTION FOR ENFORCEMENT OF SUMMONSES AND FORMAL DOCUMENT REQUESTS

COUGHENOUR, District Judge.

THE COURT has reviewed the file and considered the Report and Recommendation

filed herein on November 2, 1993 by the Hon. John L. Weinberg, United States Magistrate Judge.

IT IS HEREBY ORDERED that the Report and Recommendation filed by Magistrate Judge Weinberg is adopted;

IT IS FURTHER ORDERED that the petitioners' petition to quash the nine summonses issued to the third-party recordkeepers is dismissed;

IT IS FURTHER ORDERED that the petitioners' petition to quash the two formal document requests directed to petitioners is dismissed;

IT IS FURTHER ORDERED that the respondents' cross-petition for enforcement of the nine summonses and the two formal document requests is granted.

## REPORT AND RECOMMENDATION

WEINBERG, United States Magistrate Judge.

### INTRODUCTION

The Internal Revenue Service ("IRS"), through its agent, respondent Pellett, is investigating petitioners' tax liabilities. Petitioners have apparently invested in some offshore entities. The IRS alleges they have done so as a tax avoidance scheme.

This battle is being fought in at least two phases. The IRS has issued deficiency notices as to petitioners' tax liabilities for the calendar years 1985, 1986 and 1987. That dispute is pending in the Tax Court, where it was scheduled for trial on October 4, 1993 (the record in this case does not make clear whether the Tax Court case was in fact tried then, or the result).

The other phase of the battle relates to petitioners' tax liability for the years 1988 through 1991, inclusive. The IRS began an investigation of petitioners' tax liability for those years at a time when petitioner's returns for those years were delinquent. Petitioners filed their returns for those years on April 12, 1993. Although the IRS has not notified petitioners that those returns have been selected for audit, the IRS in fact is

continuing its investigation of their tax liability for those years (Pellett Declaration, § 2).

The IRS issued summonses to nine third-party recordkeepers, and directed two formal document requests to petitioners (the summons of 7/15/93 to U.S. West Communications replaced the summons of 4/15/93). The summonses and formal document requests all sought information as to petitioners' potential tax liability, and all sought documents dated in 1988 or later.

Petitioners brought this action seeking an order quashing the summonses and the formal document requests. The IRS has filed a motion to dismiss the petition to quash, and a cross-motion for the enforcement of the nine summonses and the two formal document requests. This court has jurisdiction under 26 U.S.C. §§ 982(c)(2) and 7609(h).

### DISCUSSION

*United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–55, 13 L.Ed.2d 112 (1964) states the classic four-part test the IRS must meet to secure enforcement of its summonses. The IRS cites district court authority for the proposition that the same test applies for enforcement of formal document requests. Petitioners do not challenge this statement of the applicable rules.

In this case, the only issue raised by the petition, and by petitioners' response to the motions, is whether the IRS has issued the summonses and document requests for a legitimate purpose. This is the first of the four tests established by *Powell*. Petitioners assert that the IRS is not in fact seeking the requested information in connection with an investigation of their tax liabilities for 1988 through 1991. Instead, they assert, the IRS is using the summonses and formal document requests for purposes of discovery in the Tax Court case involving earlier tax years, and is improperly circumventing the discovery procedures and limitations in that court.

This court should find that the record does not support that assertion. The sworn declaration of Agent Pellett provides that the summonses and document requests are to secure information needed, "... to properly investigate petitioners' tax liabilities for the

years 1988 through 1991." Petitioners have presented no evidence to the contrary; only their bald allegation. Furthermore, all of the documents sought here are dated in 1988 and later; the Tax Court case involves tax liability for 1985 through 1987. Finally, although it is not clear from this record, any potential misuse of information in the Tax Court case might be moot, as the trial was scheduled for October 4 and might already be completed.

Petitioners allege that the IRS has never notified them that their returns for 1988 through 1991 have been selected for audit. But Agent Pellett's declaration indicates that petitioners' tax liability for those years is under investigation. Petitioners have cited no authority suggesting that the selection of returns for audit is a necessary first step before the IRS can issue summonses or formal document requests.

## CONCLUSION

The court should therefore GRANT respondents' motion to dismiss the petition and their cross-motion for enforcement of nine summonses and two formal document requests.

Respondents did not submit a proposed order with their motions. They have therefore been directed, by a separate minute order, to file and serve a proposed order not later than November 12, 1993.

DATED this 2 day of November, 1993.